

Molly C. Dwyer
Clerk of Court

Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
Post Office Box 193939
San Francisco, California 94119-3939
415-355-8000

**FILED**

JAN 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## DOCKETING NOTICE

Docket Number:       25-341
Agency Number(s):    A079-369-148
Case Title:          Cabrera Espinoza v. Garland

Dear Petitioner(s)

Your Petition for Review has been opened in the United States Court of Appeals for the Ninth Circuit and the docket number shown above has been assigned to this case. You must indicate this docket number in every communication and filing you submit to the court about this case.

You are the petitioner(s) in this court because you filed the petition for review. You must file an opening brief, and you may file a reply brief after the government files their answering brief. The brief due dates are listed in the attached Briefing Schedule. These dates can be extended only by court order.

**The $600 docketing fee remains due.** Failure to correct this deficiency within 14 days will result in the dismissal of this case for failure to prosecute. See 9th Cir. R. 42-1. The fee is payable to this court.

**Petitioners who are filing pro se should refer to the accompanying information sheet regarding the filing of informal briefs.**



Molly C. Dwyer
Clerk of Court

Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
Post Office Box 193939
San Francisco, California 94119-3939
415-355-8000

# BRIEFING SCHEDULE

| | |
|---|---|
| Docket Number: | 25-341 |
| Agency Number(s): | A079-369-148 |
| Case Title: | Cabrera Espinoza v. Garland |

| | |
|---|---|
| Wednesday, February 26, 2025 | Certified Administrative Record due |
| Monday, April 7, 2025 | Immigration Petitioner Opening Brief due |
| Wednesday, May 7, 2025 | Immigration Respondent Answering Brief due |

Optional Reply Brief due 21 days after service of Answering Brief.

**If the opening brief is not filed by the deadline, the court may dismiss this case.** *See* 9th Cir. R. 42-1.